The document below is hereby signed.

Signed: January 09, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                             )
                                  )
TRINA ELAINE REDDISH,             )  Case No. 08-00170
                                  )  (Chapter 7)
            Debtor.               )  Not for Publication in
                                  )  West's Bankruptcy Reporter

MEMORANDUM DECISION AND
ORDER DENYING MOTION TO REOPEN AND WAIVING FEE FOR FILING MOTION

The debtor has filed a letter dated December 24, 2008, in which she requests the court to reopen her bankruptcy case. She states that she cannot afford to pay the debt owed to her mortgage company, Washington Mutual, and requests that the court "include Washington Mutual in [her] bankruptcy case." Treating the letter as a motion to reopen, I will deny the motion, but I will waive the fee for filing a motion to reopen.

I

Washington Mutual was duly listed as a creditor in the case. Indeed, Washington Mutual evidenced its awareness of the case by filing a motion for relief from the automatic stay. Accordingly, by reason of 11 U.S.C. § 727(b), the debtor's discharge discharges the debtor from all debts owed to Washington Mutual

"that arose before the date of the order for relief" (the date of the filing of the debtor's petition).[1]  Thus, Washington Mutual was included in the debtor's bankruptcy case (if, as seems likely, the debtor's concept of a creditor's inclusion in a bankruptcy case means that the creditor's prepetition claim, including unmatured interest thereon, is subject to the discharge).  Because Washington Mutual has already been "included" in the case in that sense, the debtor's motion is unnecessary.  Nothing further is required to make Washington Mutual subject to the discharge.

                              II

     The discharge gave rise to a discharge injunction under 11 U.S.C. § 524(a)(2) barring Washington Mutual from collecting its claim "as a personal liability of the debtor."  The discharge injunction does not bar Washington Mutual from enforcing its lien against the debtor's real property.  But the discharge injunction does bar Washington Mutual's collecting the debt from the debtor as a personal liability.  The debtor apparently fears that Washington Mutual will collect the debt from her, not just

---

[1] Although Washington Mutual's claim theoretically could fall within an exception to discharge under 11 U.S.C. § 523, the debtor does not point to any exception to discharge that Washington Mutual has invoked, and none of the exceptions appear to be applicable.  Because the issue is not properly before me, however, for the remainder of this decision I will only assume without actually deciding the issue (and hence without precluding Washington Mutual from showing to the contrary) that the debt was not excepted from discharge.

                              2

foreclose on her real property.

### A.

If, despite the discharge injunction being applicable to it, Washington Mutual were to attempt to collect the debt from her as a personal liability (for example, by pursuing a civil action to recover a judgment for any deficiency existing after the foreclosure sale), the debtor could bring a motion to hold Washington Mutual in civil contempt in order to coerce it to comply with the discharge injunction.  No fee is charged for filing a motion to reopen for the purpose of filing such a motion.  But the debtor has not alleged sufficient facts to demonstrate that Washington Mutual is in fact pursuing the claim against her as a personal liability.  Until Washington Mutual is actually taking a step in violation of the discharge injunction by engaging in some act to collect the debt as a personal liability of the debtor, there is no basis for pursuing a contempt motion.  A fear of such an act when no such act has been committed does not suffice to justify pursuit of a contempt motion.

### B.

The debtor may also be attempting to obtain a determination that the debt is dischargeable, and a motion to reopen for that purpose similarly does not require a reopening fee.  But such a request must be pursued by way of an adversary proceeding, which

must be commenced by the filing of a complaint.  Fed. R. Bankr. P. 7001(6) and 7003.  The debtor's letter does not recite that she wishes to pursue such an adversary proceeding.  Moreover, there is no suggestion that there is a dispute in that regard.  The debtor does not allege that Washington Mutual contends that its claim is nondischargeable.  Unless Washington Mutual is taking the position that its claim somehow is excepted from discharge, there is no reason to pursue a proceeding to determine dischargeability.

III

The debtor apparently fears that the deficiency claim arising after foreclosure will be substantial because Washington Mutual refused to permit her to make a short sale of the property that would have netted more to Washington Mutual than what it is attempting to sell the property for after foreclosure.  She has submitted with her letter a realtor's letter (with voluminous attachments) describing the attempted short sale of the property.  I infer that she thinks that it would be unfair for Washington Mutual to collect the debt from her because it spurned the short sale that was in its best interest.

Unfairness of a creditor's claim has no impact on whether a creditor's claim is discharged.  If Washington Mutual is subject to the discharge injunction, it is barred from collecting the debt from the debtor, whether the debt is a fair debt or an

unfair debt, and the issue of unfairness is academic.

Moreover, if Washington Mutual were *not* subject to the discharge injunction, a request to determine the issue of unfairness would be a matter over which this court lacks subject matter jurisdiction as that issue is not an administrative matter arising in the case, or a matter arising under the Bankruptcy Code, or a matter whose adjudication is necessary to administer the bankruptcy case.  See Turner v. Ermiger (In re Turner), 724 F.2d 338 (2d Cir. 1983) (bankruptcy court lacked subject matter jurisdiction over cause of action that the debtor had exempted from the estate).

The realtor's letter and its attached exhibits are voluminous and serve no purpose with respect to the issue of whether the motion to reopen should be granted.  Accordingly, there is no reason to accept them for filing (and to permit them unnecessarily to take up physical storage space in a bulky filings folder).  I will thus direct the clerk to return the realtor's letter and its attachments to the debtor.

                              IV

It is uncertain what relief the debtor's letter actually seeks, but she seems to be seeking relief related to her discharge.  No fee is required for filing a motion to reopen the case to obtain such relief (specifically, no fee is required for filing a motion to reopen in order to file a motion to hold a

5

creditor in contempt for violating the discharge injunction or to file an adversary proceeding to determine that the debt was not excepted from the debtor's discharge).  Although the debtor did not expressly state that she seeks such relief, and the fee therefore is arguably owed, I will waive the fee because her principal goal appears to be to obtain clarification that Washington Mutual's claim is no longer owed by her by reason of her discharge, a clarification that could only be obtained via a contempt motion or a dischargeability complaint.

V

In accordance with the foregoing, it is

ORDERED that the debtor's letter, treated as a motion to reopen, is DENIED without barring her from renewing her motion if that proves necessary.  It is further

ORDERED that the fee for filing a motion to reopen, if it applies, is waived.  It is further

ORDERED that the realtor's letter and its attachments submitted with the debtor's letter are rejected for filing, and the clerk shall transmit the realtor's letter and its attachments to the debtor by regular mail, and the clerk shall assure that a docket entry is entered that reflects that those documents (previously docketed as Docket Entry No. 43), have been rejected for filing, and that Docket Entry No. 43 is modified accordingly.

[Signed and dated above.]

Copy to: Debtor.